## TALLON v. NEW YORK CONTRACTING CO. PENNSYLVANIA TERMINAL.

(Supreme Court, Appellate Term.   June 6, 1907.)

TRIAL—DISMISSAL—INSUFFICIENT EVIDENCE.

Where, in an action for injuries, no testimony was given on the part of the defendant, and the plaintiff failed to prove that the defendant was the cause of the injury, the judgment should not have been for the defendant, but the complaint should have been dismissed without prejudice to a new action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 359-369; vol. 37, Negligence, §§ 277, 278.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Rosa A. Tallon against the New York Contracting Company Pennsylvania Terminal. From a judgment for defendant, plaintiff appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Alger & Simpson, for appellant.

James A. Deering (J. C. Toole, of counsel), for respondent.

FITZGERALD, J.   The plaintiff sued upon two causes of action; one for personal injuries alleged to have been received through the negligence of defendant, and the other charged that the injuries resulted from a trespass. Upon the trial, at the close of the plaintiff's proof, on motion of defendant's counsel, the court dismissed the cause of action for negligence. The appellant makes no claim of error in this. Upon the second cause of action the court below directed a verdict for the defendant.

No testimony was given on the part of the defendant, and such direction was based upon the failure to prove that the defendant was identified as the cause of the injury complained of. An examination of the record discloses a lack of sufficient testimony to warrant the court in finding that the defendant was engaged in doing any work in the location where the blast was fired which caused the stones to strike the plaintiff. The judgment, however, in such a case, should not have been for the defendant, as it was a failure of proof on the part of the plaintiff, and the complaint should have been dismissed without prejudice to a new action.

Judgment modified, by dismissing the complaint without prejudice to a new action, and, as modified, affirmed, without costs of this appeal. All concur.